IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 10-0040-WS |
| | ) | |
| ALFREDO M. RODRIGUEZ, | ) | |
| | ) | |
| **Defendant.** | ) | |

## ORDER

The defendant has filed what he styles as a "Rule 60(b) Motion for Reconsideration of Sentence with Respect to Sentencing Factors." (Doc. 77). The defendant requests the Court to reduce his sentence from 60 months to 42 months, based on his "history of abduction and abuse." (*Id*. at 2).

The defendant was sentenced, and judgment was entered, in December 2010. (Doc. 61). "The court may not modify a term of imprisonment once it has been imposed except": (1) on motion of the Director of the Bureau of Prisons; (2) when a defendant's sentencing range has subsequently been lowered by amendment to the guidelines made retroactive by the United States Sentencing Commission; or (3) "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." 18 U.S.C. § 3582(c). None of these avenues is implicated here.

The director of the Bureau of Prisons has not moved to modify the defendant's sentence, nor does the defendant suggest that the sentencing guidelines have been amended in a manner beneficial to him. Rule 35 provides that a sentence can be reduced based on the defendant's provision of substantial assistance, but only upon the government's motion. Fed. R. Crim. P. 35(b). No such motion has been filed.[1]

---

[1] The government did file a pre-sentencing motion for downward departure based on substantial assistance, (Doc. 57), which the Court granted and which resulted in the defendant's
(Continued)

The only other avenue for post-sentencing modification of a sentence under Rule 35 is limited to correcting "arithmetical, technical, or other clear error," and any such correction must be made within 14 days after sentencing. Fed. R. Crim. P. 35(a). The defendant identifies no such error, and the time for correcting any such error expired almost a year ago.

The only "statute" encompassed by Section 3582(c) is Section 2255 concerning motions to vacate. *United States v. Diaz-Clark*, 292 F.3d 1310, 1316 (11th Cir. 2002). But the defendant has filed no motion to vacate under that section, nor does his motion challenge the legality or constitutionality of his sentence, as a motion to vacate would.

The defendant's inability to come within any of the possibilities recognized by Section 3582(c) is fatal, because "there exists no 'inherent authority' for a district court to modify a sentence." *Diaz-Clark*, 292 F.3d at 1319.

As noted, the defendant invokes Rule 60(b) of the Federal Rules of Civil Procedure. This rule applies to, and authorizes relief from, only *civil* judgments; it cannot be employed to secure relief from a *criminal* judgment. "Rule 60(b) simply does not provide for relief from judgment in a criminal case, and as such the defendant cannot challenge the criminal [sentence] at issue under Fed.R.Civ.P. 60(b)." *United States v. Mosavi*, 138 F.3d 1365, 1366 (11th Cir. 1998).

The defendant acknowledges *Mosavi* but argues it admits of exceptions. (Doc. 77 at 2-4). The only "exception" he identifies is the use of Rule 60(b) in the context of habeas petitions under 28 U.S.C. §§ 2254 and 2255. But such actions are civil not criminal. *United States v. Futch*, 518 F.3d 887, 892 (11th Cir. 2008).

For the reasons set forth above, the defendant's motion for reconsideration of sentence is **denied**.

---

60-month sentence, but the government has not filed a post-sentencing motion based on substantial assistance.

DONE and ORDERED this 10th day of November, 2011.

                                                s/ WILLIAM H. STEELE
                                                CHIEF UNITED STATES DISTRICT JUDGE